UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SPRINT SOLUTIONS, INC. and
SPRINT COMMUNICATIONS
COMPANY L.P.,

    Plaintiffs,

v.         Case No: 2:15-cv-605-FtM-38CM

4 U CELL, LLC, DENNIS SKELLY
and DEBORAH A. SKELLY,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiffs, Sprint Solutions, Inc. and Sprint Communications Company L.P.'s (Sprint) Motion to Dismiss Defendants' Counterclaim (Doc. #29) filed on December 16, 2015. The Defendants 4 U Cell and Dennis and Deborah Skelly filed their Response in Opposition (Doc. #40) on January 19, 2016. The Motion is fully briefed and ripe for the Court's review.

## FACTS

On October 1, 2015, Sprint filed a Complaint against Defendants alleging Defendants were engaged in a scheme to illegally gather up Sprint cell phones and resell same. Sprint alleges the scheme is illegal and results in a loss of Sprint's substantial financial investment. The Complaint avers Defendants would acquire new Sprint phones

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

from individuals who obtained highly discounted phones from Sprint by fraudulently misrepresenting their intent to comply with Sprint's terms and conditions which restrict the resale of the phones.  Sprint alleges Defendants would use runners or, mules who would make multiple purchases of new Sprint phones for the Defendants.  The Defendants would then unlock the phones so that they could be used on another network.  After the phones were unlocked, Defendants would then resell the phones overseas or to major retailers for use in their warranty programs.

Sprint claims the bulk purchasing scheme violates its sales agreements and causes financial harm to Sprint and its legitimate customers.  As a result, Sprint filed the instant action.  In response to Sprint's allegations, Defendants filed their Answer, Affirmative Defenses, and Counterclaim.  The Counterclaim asks the Court for a declaratory judgment declaring that it is "legal for 4 U Cell to buy and resell locked, inactive Sprint [p]hones once sold; that any purported resale prohibition is null and void regardless of any discount or subsidy, and regardless of any Service Term Commitment that title to Sprint [p]hones includes the unrestricted right to alienation, and that the first-sale doctrine prevents Sprint from attempting to use trademark law, copyright law, or patent law to prohibit resale of Sprit [p]hones."[2] (Doc. #19 at 20-21).  Sprint now moves the Court to dismiss the Counterclaim.

---

[2]   The Plaintiffs do not specify in their Counterclaim if the Federal Declaratory Judgment Act or the Florida Declaratory Judgment statute applies to this case.  However, the majority of their arguments in response to the Motion to Dismiss Counterclaim reference the Federal Act.  Therefore, the Court will apply that Act to the instant Motion.

## **STANDARD OF REVIEW**

The general rule under *Fed. R. Civ. P. 12(h)(3)* is that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Under a Rule 12(b)(1) motion, a claim's subject matter jurisdiction may be challenged both facially and factually. *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999). According to the Eleventh Circuit, facial attacks "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true". Id. (punctuation omitted). Factual attacks, however, "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. (punctuation omitted). The Eleventh Circuit has instructed that "[i]n response to a factual attack, a court should dismiss the complaint for lack of subject matter jurisdiction where the federal claim is clearly immaterial or insubstantial." Id. (punctuation omitted).

In factual subject matter jurisdictional attacks, this Court need not take the allegations in the complaint as true. *Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011) cert. denied, 132 S. Ct. 2379 and cert. denied, 132 S. Ct. 2380 (U.S. 2012) and cert. denied. Rather, the Court may "independently weight the facts and is not constrained to view them in the light most favorable to the non-movant." Id.

## **DISCUSSION**

Sprint's Complaint alleges in part that the Defendants are violating its purchasing agreement by recruiting individuals to purchase multiple Sprint phones–highly discounted

3

phones—from Sprint by fraudulently misrepresenting their intent to comply with Sprint's terms and conditions which restrict the resale of the phones.  Sprint now moves to dismiss the Counterclaim arguing that there is no case or controversy, because the Counterclaim is based upon a hypothetical situation, and that declaratory relief is not appropriate as the Counterclaim mirrors Sprint's Complaint.  Defendants argue the facts alleged under the Counterclaim are based upon the purchase and re-sale of the Sprint phones which is an actual case or controversy.

The Declaratory Judgment Act grants to the federal district courts the power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Declaratory Judgment Act provides that a court "*may* declare the rights and other legal relations of any interested party," 28 U.S.C. § 2201(a) (emphasis added), not that it *must* do so. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 136, 127 S. Ct. 764, 776, 166 L. Ed. 2d 604 (2007).  This text has long been understood "to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* (quoting *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L.Ed.2d 214 (1995)); see also *Cardinal Chemical Co. v. Morton Int'l, Inc.,* 508 U.S. 83, 95, n. 17, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993); *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494–496, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). We have found it "more consistent with the statute," however, "to vest district courts with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." *Wilton,* 515 U.S. at 289.

An essential element for a declaratory judgment action is the existence of an "actual controversy" between the parties, a term which holds the same meaning as the cases and controversies requirement of Article III to the United States Constitution. *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 6:14cv307ORL40GJK, 2015 WL 9269413, at *5 (M.D. Fla. Dec. 21, 2015) (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239–40, 57 S. Ct. 461, 81 L. Ed. 617 (1937)). In that sense, an "actual controversy" exists where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Blitz Telecom Consulting, LLC*, 2015 WL 9269413, at *5 (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941)). Ordinarily, a controversy is not sufficiently immediate or real where the parties' dispute is only hypothetical and not yet ripe, has been rendered moot, or where the court's resolution of the matter would be purely academic. *Blitz Telecom Consulting, LLC*, 2015 WL 9269413, at *5 (citing *See Aetna Life Ins. Co.*, 300 U.S. at 240–41, 57 S. Ct. 461); *Texas v. United States*, 523 U.S. 296, 300, 118 S. Ct. 1257, 140 L. Ed. 2d 406 (1998).

The Defendants' Counterclaim requests the Court to declare that purchasing and re-selling Sprint's phones is legal.  Defendants Counterclaim states that Sprint's Complaint in and of itself cannot resolve all of the issues in this action, but the Counterclaim can.  The Counterclaim reads in pertinent part:

> This controversy cannot be fully or finally resolved through Sprint's existing legal claims because, *inter alia*, those claims are limited to the current iteration of Sprint's Terms and Conditions that Sprint may amend at any time, and because Sprint is likely to voluntarily dismiss this action to avoid a

> decision on the merits as it did in its case against Middle Man in the District of Kansas.

(Doc. #19 at ¶15). Thus, the Defendants move the Court for a declaration that the purchasing and reselling of Sprint phones that were locked or sold at deep discounts should be declared legal even if Sprint changes the terms and conditions of its contract restricting the resale of its phones or even if it dismisses the case altogether.

The Defendants' Counterclaim is overbroad. The Court cannot issue a declaratory judgment finding that the purchase and resale of Sprint phones is legal regardless of any future changes that Sprint may make to the terms and conditions of its purchase agreements. The Court cannot know what Sprint's future terms and conditions will be and, therefore, any legal declaration would be based upon a hypothetical finding and not on a concrete case and controversy. Since the Court cannot find that the purchase and resale of Sprint phones is legal as the terms of the purchase, resale, and legality of future transactions would have to be speculated on by the Court, the Counterclaim must be dismissed. *MedImmune*, 549 U.S. at 138 (holding "[t]he controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy ..., as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."); *Blitz Telecom Consulting, LLC*, 2015 WL 9269413, at *5 (holding that the controversy must be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment).

Sprint also argues the Counterclaim should be denied because the relief requested by the Counterclaim mirrors the relief sought in Sprint's Complaint. If a district court determines that a complaint requesting a declaratory judgment will not serve a useful purpose, the court cannot be required to proceed to the merits before dismissing the

complaint. *Medmarc Cas. Ins. Co. v. Pineiro & Byrd PLLC*, 783 F. Supp. 2d 1214, 1216-17 (S.D. Fla. 2011) (citing *Ortho–Tain, Inc. v. Rocky Mountain Orthodontics, Inc.,* 2006 WL 3782916, *3 (N.D.Ill.2006) (citing *U.S. v. Zanfei,* 353 F.Supp.2d 962, 964 (N.D.Ill.2005)). A number of courts have dismissed counterclaims that contain repetitious issues already before the court by way of the complaint or affirmative defenses. *Medmarc Cas. Ins. Co.*, 783 F. Supp. 2d at 1216-17 (citing *Gratke v. Andersen Windows, Inc.,* 2010 WL 5439763, *2 (D.Minn.2010)). When deciding whether to dismiss a counterclaim on the basis that it is redundant, "courts consider whether the declaratory judgment serves a useful purpose." *Medmarc Cas. Ins. Co.*, 783 F. Supp. 2d at 1216-17. To determine whether the declaratory judgment serves a useful purpose, courts should consider "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *Id.*

In this instance, the Court does not have to determine if Sprint's Complaint and Defendants' Counterclaim and Affirmative Defenses mirror one another to the point the Counterclaim should be dismissed as redundant. The Court has already found Defendants Counterclaim is based upon a hypothetical. As such, the Court need not determine if the Counterclaim is redundant.

Accordingly, it is now

**ORDERED:**

Plaintiffs, Sprint Solutions, Inc. and Sprint Communications Company L.P.'s Motion to Dismiss Defendants' Counterclaim (Doc. #29) is **GRANTED**. The Defendants' Counterclaim is hereby **DISMISSED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of March, 2016.

                                                                    SHERI POLSTER CHAPPELL
                                                                    UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record