## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

SPRINT SOLUTIONS, INC. and
SPRINT COMMUNICATIONS
COMPANY L.P.,

        Plaintiffs,

v.                                          Case No:  2:15-cv-605-FtM-38CM

4 U CELL, LLC, DENNIS SKELLY
and DEBORAH A. SKELLY,

        Defendants.

---

## ORDER

Before the Court is Plaintiffs' Motion to Strike Affirmative Defenses and Memorandum of Law in Support ("Motion to Strike," Doc. 28).   Defendant responded in opposition.   Doc. 41.   For the reasons set forth below, Plaintiffs' motion is granted in part and denied in part.

### I.    Background

Plaintiffs filed this action against Defendants seeking damages and injunctive relief.   Doc. 1.   Plaintiffs allege that Defendants and their co-conspirators are profiting from the illegal acquisition and resale of new Sprint phones.   *Id.* at 1. Plaintiffs allege that Defendants are stealing the substantial financial investment Plaintiffs make in their phones.   *Id.*   Plaintiffs contend that Defendants' misconduct has deprived Plaintiffs of the opportunity to recoup its investment and earn profits by providing wireless service to legitimate Sprint customers.   *Id.* at 13-14. Plaintiffs also allege that Defendants' actions seriously and irreparably interfere with

Plaintiffs' relationships with its dealers, retailers and customers, and it also causes significant ongoing and irreparable losses and harm to Plaintiffs' brand, image and reputation.   *Id.* at 14.

In Plaintiffs' fifteen count complaint, Plaintiffs allege claims against Defendants for Unfair Competition, Tortious Interference with Prospective Business Relations and Economic Advantage, Tortious Interference with Contractual Relations, Conspiracy to Commit Fraud and Fraudulent Misrepresentation, Unjust Enrichment, Conspiracy to Induce Breach of Contract, Common Law Fraud and Fraudulent Misrepresentation, Trafficking in Computer Passwords 18 U.S.C. § 1030(a)(6), Unauthorized Access 18 U.S.C. § 1030(a)(5)(C), Unauthorized Access with Intent to Defraud 18 U.S.C. § 1030(a)(4), Federal Trademark Infringement 15 U.S.C. § 1114 [§ 32(1) of the Lanham Act], Federal Common Law Trademark Infringement and False Advertising 15 U.S.C. § 1125(a)(1)(A) and (B) [§ 43(a) of the Lanham Act], Contributory Trademark Infringement, Conversion, and Unfair Competition under Florida Statutes § 501.204.   Doc. 1.

Defendants answered denying the majority of the allegations.   Doc. 19. Defendants also asserted eighteen affirmative defenses and a counterclaim.   *Id.*   In the counterclaim, Defendant asserted a claim for Declaratory Judgment Regarding Ownership and Legality of Reselling Inactive Sprint Phones.   Doc. 19 at 17. Defendants stated, "[a]n actual and substantial controversy has arisen regarding whether Sprint may prohibit resale of phones despite conveying title to those phones, and therefore the ability of 4UCELL to lawfully purchase and resell Sprint phones

consistent with the law of title and common-law rule against restraints on alienation." *Id.* at 17-18. Plaintiffs subsequently filed the present Motion to Strike and a Motion to Dismiss Defendants' Counterclaim (Doc. 29).

The Honorable Sheri Polster Chappell dismissed Defendants' counterclaim because the counterclaim asked that the Court declare that purchasing and re-selling Sprint's phones is legal regardless of any future changes Sprint may make to the terms and conditions of its purchase agreement. Doc. 44 at 5-6. The district judge stated, "the Court cannot know what Sprint's future terms and conditions will be and therefore, any legal declaration would be based upon a hypothetical finding and not on a concrete case and controversy." *Id.* at 6. The district judge stated that because the legal terms of the purchase, resale, and legality of the future transactions would have to be speculated, the counterclaim must be dismissed. *Id.* Plaintiffs seek to strike Defendants' affirmative defenses.

## II.   Analysis

"District courts have broad discretion in disposing of motions to strike under Fed. R. Civ. P. 12(f)." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (internal citations omitted). Striking a pleading, however, is a "drastic remedy, which is disfavored by the courts." *Hansen v. ABC Liquors, Inc.*, No. 3:09-cv-966-J-34MCR, 2009 WL 3790447, at *1 (M.D. Fla. Nov. 9, 2009). Pursuant Fed. R. Civ. P. 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An affirmative defense will be stricken only if it is insufficient as a matter

of law. *Microsoft Corp.*, 211 F.R.D. at 683.   An affirmative defense is insufficient as a matter of law "only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.*   The Eleventh Circuit has noted that the "[t]he party asserting an affirmative defense usually has the burden of proving it." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).   In evaluating a motion to strike affirmative defenses, "the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." *Microsoft Corp.*, 211 F.R.D. at 683.

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). Thus, "an affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).   On the other hand, an affirmative defense "which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d at 1349.

Affirmative defenses are subject to the general pleading requirements of Fed. R. Civ. P. 8(b)(1)(A), which requires a party to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A).   "As with any pleading, an affirmative defense must provide 'fair notice' of the nature of the defense and the grounds upon which it rests, and state a plausible defense." *Biller v. Cafe*

*Luna of Naples, Inc.*, No. 2:14-cv-659-FTM, 2015 WL 1648888, at *1 (M.D. Fla. Apr. 13, 2015) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).   Nevertheless, "a defendant must do more than make conclusory allegations.   If the affirmative defense comprises of no more than bare bones conclusory allegations, it must be stricken."   *Microsoft Corp*, 211 F.R.D. at 683. With these guiding principles in mind, the Court turns to the fourteen[1] affirmative defenses that Plaintiffs seek to strike.

### a.  Third Affirmative Defense

Defendants' third affirmative defense states, "[c]laims 8, 9 and 10 are barred by the two-year statute of limitations for actions under the Computer Fraud and Abuse Act, and all other claims are barred to the extent based on conduct occurring more than three years prior to the date of filing."   Doc. 19 at 13. While stated in general terms, this affirmative defense gives fair notice of the defense to Plaintiffs and meets Fed. R. Civ. P. 8(b)(1)(A) pleading requirements.   Moreover a statute of limitations defense is specifically enumerated in Fed. R. Civ. P. 8(c).   Accordingly, Plaintiff's motion to strike the Defendants' third affirmative defense is due to be denied.   *See McGlothan v. Walmart Stores, Inc.*, No. 6:06-cv-94-ORL-28JGG, 2006 WL 1679592, at *1 (M.D. Fla. June 14, 2006).

---

[1] Although Plaintiffs' motion states that they are seeking to strike twelve affirmative defenses (Doc. 28 at 1), the body of the motion lists defenses 1, 3, 4, 7, 8, 9, 10, 11a, 11b, 12, 14, 15, 16 and 17 as the defenses at issue.   Doc. 28 at 6-8. Accordingly, the Court will address the fourteen defenses discussed in the body of the motion.

### b. Twelfth Affirmative Defense

Defendants' twelfth affirmative states, "Plaintiffs are prohibited from enforcing their trademarks based on the principle of trademark misuse because Plaintiffs are filing frivolous trademark infringement claims for the purpose of eliminating lawful competition." Doc. 19 at 14. Courts have uniformly allowed trademark misuse as an affirmative defense to a trademark infringement action. *Whitney Information Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1212 (M.D. Fla. 2005) (citing *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1069 (5th Cir. 1997)). Here, the Court finds that Defendants' trademark misuse defense is sufficiently pled to put Plaintiffs on notice of the defense because the defense specifically alleges how Plaintiffs have allegedly misused their trademark.

### c. First, Fourth, Seventh, Eighth, Ninth, Tenth, Eleventh [a], [2] Eleventh[b], Fourteenth, Fifteenth, Sixteenth and Seventeenth Affirmative Defenses

Defendants' First, Fourth, Eighth, Ninth, Tenth, Eleventh [a], Eleventh [b], Fourteenth, Fifteenth, Sixteenth and Seventh Affirmative defenses fail to allege sufficient facts to put Plaintiffs on notice of the nature of the defenses and the grounds for which the defenses are based.

These affirmative defenses allege Plaintiffs failed to state a claim; Plaintiffs claims are barred because of Plaintiffs statements or actions, unlawful, inequitable

---

[2] As noted by Plaintiffs, Defendants' Answer contained two affirmative defenses labeled as "Eleventh Affirmative Defense." Doc. 28 at 3 n.2. In order to distinguish between the two affirmative defenses, Plaintiffs labeled the defenses "Eleventh Affirmative Defense [a]," and "Eleventh Affirmative Defense [b]." *Id.* For consistency, the Court also will refer to the defenses with the notations [a] and [b].

or improper conduct; Plaintiffs failed to mitigate damages; Plaintiffs claims are barred due to res judicata or collateral estoppel; Defendants' use of Plaintiffs' trademarks was lawful under the fair-use and nominative use doctrines; Plaintiffs' trademark claims are barred by the first sale doctrine; Plaintiffs' claims are barred for violation of antitrust laws of the United States, pursuant to 15 U.S.C. § 1115(b)(7); Defendants' actions are protected by the competitor's privilege; Plaintiffs' inequitable conduct constitutes unclean hands; Plaintiffs failed to state an actionable claim for fraud; Defendants are bona fide purchasers for value and are good faith purchasers of goods in the ordinary course of business; and Plaintiffs' claim for interference with business relationships is barred because third parties, not Defendants, have interfered with Plaintiffs current and prospective business relationships.   Doc. 19 at 12-15.

Plaintiffs argue that these defenses contain no more than bare bones conclusory allegations, and therefore should be stricken.   Doc. 28 at 6.   Defendants state that the affirmative defenses are relevant to the allegations in the complaint and are supported by the factual allegations set forth in the counterclaim.   Doc. 41 at 3-4.   The Court finds that while some of the defenses are recognized affirmative defenses, Defendants have failed to provide sufficient facts to adequately put Plaintiffs on notice. *See Perales v. Schear Corp.*, No. 2:09-cv-669-FTM-29DNF, 2010 WL 1839295, at *1 (M.D. Fla. May 10, 2010) (recognizing failure to state a claim as an affirmative defense under Federal Rules of Civil Procedure 12(b)(6), but striking the defense because Defendants provided no facts to determine a plausible basis for

the defense); *Aluia v. Dyck-O'Neal, Inc.*, No. 2:15-cv-81-FtM-38MRM, 2015 WL 4349090 (M.D. Fla. July 14, 2015) (striking an affirmative defense stating that the plaintiff's claims were barred by the doctrine of res judicata because the defense was conclusory and contained no allegations connecting the defenses to the claims); *Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.*, No. EDCV 11-197 RSWL, 2011 WL 3809933, at * 4 (C.D. Ca. Aug. 25, 2011) (striking the defendants fair use defense without prejudice for failure to allege sufficient facts to support the defense, and striking the defendant's affirmative defense of claims barred under 15 U.S.C. § 1115 for failing to set forth facts or allegations as to how the plaintiff's claims are barred under Section 1115(b)); *Groves v. Patricia J. Dury, M.D., P.A.,* No. 2:06-cv-338-FtM-99SPC, 2006 WL 2556944, at *2 (M.D. Fla. Sept. 1, 2006) (striking the defendant's unclean hands defense and stating that the "[d]efendant's mere assertion of 'Plaintiff's claims are barred in whole or in part by the virtue of their own unclean hand' sets forth no facts and is insufficiently pled.").

Although Defendants allege that the defenses are supported by the allegations set forth in the counterclaim, the allegations in a counterclaim do not relieve Defendants of their obligation to put Plaintiffs on notice of the grounds to support each defense. *HW Aviation, LLC v. Royal Sons, LLC*, No. 8:07-cv-2325-T-23MAP, 2008 WL 4327296, at *7 (M.D. Fla. Sept. 17, 2008) (striking the defendants affirmative defenses as conclusory when the defendants stated that the allegations in the counterclaim put the plaintiff on notice of the facts supporting the affirmative defenses). Additionally, here, Defendants' counterclaim has been dismissed. Doc.

44.   Because striking a parties' defenses is such a drastic remedy, the Court will allow Defendants to re-plead their affirmative defenses with more specificity.

Finally, while not asserted as an affirmative defenses, Defendants state that they have insufficient knowledge or information as to whether they may have additional affirmative defenses, and they therefore reserve the right to raise additional affirmative defenses as appropriate.   Doc. 19 at 15.   As in *Biller*, this statement is an attempt by Defendants to reserve the right to assert additional defenses as they may become known through discovery.   *Biller*, 2015 WL 1648888, at * 2.   This type of reservation of rights is improper.   If the Defendants become aware of additional defenses through discovery, they may seek leave to amend their Answer by filing an appropriate motion.   *Id.*

ACCORDINGLY, it is hereby

**ORDERED:**

1.      Plaintiffs' Motion to Strike Affirmative Defenses and Memorandum of Law in Support (Doc. 28) is **GRANTED in part and DENIED in part**.

2.      Plaintiffs' motion is **GRANTED** with respect to Defendants' Affirmative Defenses 1, 4, 7, 8, 9, 10, 11a, 11b, 14, 15, 16, and 17.   Defendants shall have up to and including **July 15, 2016** to amend these affirmative defenses in accordance with this Order.

3.      Plaintiffs' motion is **DENIED** with respect to Defendants' Affirmative Defenses 3 and 12.

**DONE** and **ORDERED** in Fort Myers, Florida on this 29th day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record