UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SPRINT SOLUTIONS, INC. and
SPRINT COMMUNICATIONS
COMPANY L.P.,

    Plaintiffs,

v.                                                       Case No: 2:15-cv-605-FtM-38CM

4 U CELL, LLC, DENNIS SKELLY
and DEBORAH A. SKELLY,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiffs' Motion to Compel (Doc. 57) filed on August 11, 2016 and the Joint Motion for Enlargement of Discovery Period and to Extend Case Management Deadlines (Doc. 61) filed on September 13, 2016. Defendants oppose Plaintiffs' Motion to Compel (Doc. 57). For the reasons that follow, both Motions are due to be granted in part and denied in part.

I.    Background

Plaintiffs filed this action against Defendants seeking damages and injunctive relief. Doc. 1. Plaintiffs allege that Defendants and their co-conspirators are profiting from the illegal acquisition and resale of new Sprint phones. *Id.* at 1. Plaintiffs allege that Defendants are stealing the substantial financial investment Plaintiffs make in their phones. *Id.* Plaintiffs contend that Defendants' misconduct has deprived Plaintiffs of the opportunity to recoup its investment and earn profits by providing wireless service to legitimate Sprint customers. *Id.* at 13-14.

Plaintiffs also allege that Defendants' actions seriously and irreparably interfere with Plaintiffs' relationships with its dealers, retailers and customers, and it also causes significant ongoing and irreparable losses and harm to Plaintiffs' brand, image and reputation.  *Id.* at 14.

On December 10, 2015, Plaintiffs served their First Requests for Admission, First Requests of Production, and First Set of Interrogatories to each defendant. Doc. 57 at 2.  On January 14, 2016, Defendants served their own, separate responses to each discovery request.  *Id.* at 2-3.  Plaintiffs' counsel considered Defendants' responses deficient and sent a letter pointing out the deficiencies to Defendants' counsel.  *Id.* at 3.  Defendants supplemented their responses by serving amended responses on March 18, 2016 and producing additional documents.  *Id.*

Defendants' amended responses still appeared to be deficient to Plaintiffs' counsel.  *Id.*  According to Plaintiffs, both sides attempted to resolve the discovery dispute by conferring via a teleconference on April 7, 2016.  *Id.*  Despite the parties' efforts to settle the dispute, this time Defendants refused to amend their responses and asserted that they did not have any additional documents.  *Id.*

Plaintiffs served Second Requests for Production to each defendant on March 16, 2016.  *Id.*  Defendants served their responses on June 30, 2016.  *Id.*  Plaintiffs' counsel regarded the second set of responses deficient and sought to resolve the dispute with Defendants' counsel via a teleconference on July 26, 2016.  *Id.*  The parties did not reach an agreement on this discovery dispute.  *Id.*  As a result, Plaintiffs filed a motion to compel Defendants' answers to a number of discovery

requests on August 11, 2016. Doc. 57. Defendants filed a response in opposition on September 7, 2016.[1] Doc. 60.

## II. Discussion

a. Plaintiffs' Request to Amend Defendants' Denials to Plaintiffs' First Requests for Admission

Rule 26(b) permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relevancy is determined based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evid. 401. A party may serve a request to admit "the truth of any matters" that fall within the scope of Rule 26(b)(1), regarding "the facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a). If a responding party decides not to admit a matter, it must "specifically deny it or state in detail why [it] cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). A denial must a fair response to the substance of the matter. Fed. R. Civ. P. 36(a)(4).

---

[1] On August 31, 2016, Defendants filed a Motion for Enlargement of Time, out of Time, to Respond to Plaintiffs' Motion to Compel. Doc. 38. The Court granted the motion, allowing Defendants to file their response by September 7, 2016. Doc. 59.

A requesting party may challenge a response under two rules of the Federal Rules of Civil Procedure: "Rule 36(a), which addresses the form of the answer, and Rule 37(c) which addresses the answer's factual accuracy." *Cabrera v. Gov't Emp. Ins. Co.*, No. 12-61390-CIV, 2014 WL 2999206, at *17 (S.D. Fla. July 3, 2014). Under Rule 36(a)(6), a requesting party may ask the Court to determine the sufficiency of an answer. Fed. R. Civ. P. 36(a)(6). If the Court finds the answer does not comply with the rule, the Court may "order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). Rule 36(a)(6) allows the Court only to examine the form of an answer or objection and not "substantive accuracy of the denial before the trial or before summary judgment has been granted to either party." *Cabrera*, 2014 WL 2999206, at *17. If a responding party fails to admit and a requesting party "later proves a document to be genuine or the matter true," the requesting party may ask the Court to award the reasonable expenses, including attorney's fees, incurred in making that proof under Rule 37(c)(2). Fed. R. Civ. P. 37(c)(2).

Plaintiffs seek to amend the Skellys and 4 U Cell's responses to Plaintiffs' Requests No. 5, 7, 8, 15, 16, and 18-21 because the Skellys' answers do not match those of 4 U Cell's. Doc. 57 at 10-11. For example, 4 U Cell admitted to dealing, purchasing, and selling Sprint products whereas the Skellys denied their involvement in such activities. *Id.* at 10.

> **Request No. 5**: Admit that you have purchased and sold Sprint Products.
>
> **4 U Cell's Response**: Admits.
> **The Skellys' Amended Response**: Denied.

> **Request No. 7**: Admit that you deal in new cell phones.
>
> **4 U Cell's Response**: Admits.
> **The Skellys' Amended Response**: Denied.

Plaintiffs believe the Skellys' denials to these questions are disingenuous and improper because they must have "committed the acts performed and admitted to by" 4 U Cell as the only two corporate officers who made managerial decisions for 4 U Cell. *Id.* at 11.

Furthermore, Plaintiffs claim that 4 U Cell and the Skellys' answer to Request No. 12 is improper:

> **Request No. 12**: Admit that you have purchased a Sprint Handset with no intention of using it on the Sprint network.
> **Defendants' Response:** Denied.

Plaintiffs argue that the response is illogical because 4 U Cell, as a small company owned by the Skellys, could not have intended to use all of their Sprint Handsets on the Sprint network. *Id.* at 12. Defendants claim that their answers are sufficient because they fulfilled their obligation under Rule 36(a)(4) of the Federal Rules of Civil Procedure to "admit, deny, or state in detail why [they] cannot truthfully admit or deny it." Doc. 60 at 4.

Here, Rule 37(c)(2) does not apply to Plaintiffs' request to amend. The Court does not need to look at Rule 37(c)(2) because Plaintiffs do not prove Defendants' answers to be false. *Cabrera*, 2014 WL 2999206, at *17 ("If [Defendants'] responses to these Requests for Admission prove to be false, then [Plaintiffs] ha[ve] a remedy under Rule 37(c)(2).") Other than a mere assertion that the Skellys must have

engaged in the business activities of 4 U Cell, Plaintiffs provide no evidence that shows the Skellys' direct business involvements with Sprint phones. Doc. 57 at 11-12. The only documentary evidence Plaintiffs rely on is Exhibit J, which is a collection of invoices on the sale of Sprint phones by 4 U Cell to another company called "Wireless Buybacks." Doc. 57-10. The names of the Skellys do not appear anywhere in the documents. *Id.*

The Court finds that Defendants' answers are proper under Rule 36(a). The Court can only examine the form, not the substantive accuracy, of Defendants' denials because the present motion (Doc. 57) has come up "before the trial or before summary judgment has been granted to either party." *Cabrera*, 2014 WL 2999206, at *17. The form of Defendants' denials is proper because Rule 36(a)(4) allows Defendants to simply deny a matter without providing any reasons. Fed. R. Civ. P. 36(a)(4); *Point Blank Sol., Inc. v. Toyobo Am. Inc.*, No. 09-61166-CIV, 2011 WL 742657, at *4 (S.D. Fla. Feb. 24, 2011) (citing *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958 (3d Cir. 1988)). As a result, Plaintiffs' request to amend Defendants' denials is denied.

> b. Plaintiffs' Motion to Compel Defendants to Provide Full and Complete Responses to Plaintiffs' Interrogatories

Rule 33 permits a party to serve an interrogatory that relates to any matter within the scope of Rule 26(b). Fed. R. Civ. P. 33(a)(2). A written response or objection to an interrogatory is due within thirty days after the service. Fed. R. Civ. P. 33(b)(2). A party objecting to an interrogatory must state "with specificity" the grounds for such objection. Fed. R. Civ. P. 33(b)(4). An objection is waived if not made timely "unless the court, for good cause, excuses the failure." Fed. R. Civ. P.

33(b)(3). A party objecting to an interrogatory must state "with specificity" the grounds for such objection. Fed. R. Civ. P. 33(b)(4). Furthermore, "[a] party resisting discovery must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive. . ." *Panola Land Buyer's Assn. v. Shuman*, 762 F.2d 1550, 1559 (11th Cir.1985) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).

A responding party has a duty to answer an interrogatory "reasonably, in good faith, and according to the meaning the plain language of the interrogatory would naturally import." *Giroux v. Kangamiut Contractors ApS*, No. 3:10-cv-35-J-37JBT, 2011 WL 3702422, at * 2 (M.D. Fla. Aug. 22, 2011). An answer must be designed to "provide, rather than deny, information." *Id.* An evasive or incomplete answer or response must be treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4). When a party fails to answer an interrogatory, the party seeking the discovery may move to compel the response. Fed. R. Civ. P. 37(a)(3)(B)(iii). Whether or not to grant a motion to compel is at the discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

Plaintiffs argue that Defendants' responses to Interrogatories No. 1, 2, 5, 6, and 9 are improper and evasive. Doc. 57 at 6-10. For Interrogatory No. 1,

> **Interrogatory No. 1**: List the names and addresses of all persons who are believed or known by you, your agents or your attorneys to have any knowledge concerning any of the issues in this action. For each person identified, please specify the subject matter about which the witness has knowledge.
>
> **4 U Cell's Amended Response**: Dennis Skelly, 7713 Wingate
> Drive, Glenn Dale, MD 20769. (The purchase and sale of cell phones). Deborah Skelly, 7713 Wingate Drive, Glenn Dale, MD 20769. (The purchase and sale of

cellphones). Brendan Skelly; Wireless Buybacks, c/o The Corporation Trust Inc., Registered Agent, 351 W. Camden St., Baltimore, MD 21201. (The purchase and sale of cellphones). Daniel Yusupov; iCellGuru, 140-20 69th Rd., Flushing, NY 11367. (The purchase and sale of cellphones).

**The Skellys' Amended Response**: For this response, my answer is identical to 4UCELL, LLC's Amended Answer to Interrogatory No. 1.

Plaintiffs argue that Defendants' answers are deficient because Defendants repeatedly use the phrase "the purchase and sale of cell phones," making each individual's role in transacting Sprint phones "so vague that [Plaintiffs] cannot identify with any degree of certainty the scope of what these individuals may know." *Id.* at 6. Furthermore, Plaintiffs state that Defendants do not provide the information as to individuals with knowledge concerning Defendants' affirmative defenses and answer and as to other individuals and companies that have knowledge of the issues relevant to this matter. *Id.* Plaintiffs point out the omission from the answer of Simple Cell and Nick Skelly, the Skellys' son and Simple Cell's owner, as proof of the answer's incompleteness. *Id.* at 6 n.6. Defendants assert in opposition that their response is complete. Doc. 60 at 2.

Here, the Court finds Plaintiffs' arguments persuasive. The phrase "the purchase and sale of cell phones" is vague and evasive because this unilateral description makes each individual's role in and knowledge of transacting Sprint phones indistinguishable. Doc. 57 at 6. Furthermore, Defendants' information as to the names and contacts of people is incomplete. The question's plain meaning is unambiguous as it clearly asks for "the names and addresses of all persons" who have "any knowledge concerning any of the issues in this action." *Id.* However,

Defendants left out the contact information of Simple Cell from the answer even though they admit in their answer that 4 U cell "may have sold one cellular phone to Simple Cell, LLC" and Deborah Skelly also admits that she has previously worked for Simple Cell.  Doc. 19 at 3; Doc 57-4 at 15; Doc 57 at 6.  Accordingly, Plaintiffs' motion to compel a full and complete response to Interrogatory No. 1 is granted. Defendants shall supplement their answers in good faith to the best of their knowledge.

> For Interrogatory No. 2,
>
> **Interrogatory No. 2**: Identify all persons with whom you have communicated regarding or relating to Sprint wireless handsets, including, but not limited to, the purchase, sale, transfer, attempted sale, advertising or altering of Sprint Products. For each person identified, please state the substance of each communication with that person, the date of each respective communication, and all other persons who have knowledge of the communication.
>
> **4 U Cell's Amended Response**: There were hundreds of individual sellers of various brand cellphones that transacted with 4UCELL. Ninety percent of the transactions were through eBay. 4UCELL does not have specific recollection of individual communications. 4UCELL also communicated with representatives of Wireless Buybacks and iCell Guru with regard to the purchase and sale of cellphones. 4UCELL's principals do not have specific recollection of the multitude of transactions 4UCELL refers Plaintiffs to documents produced in response to Plaintiffs' Requests for Production as to these transactions.
>
> **The Skellys' Amended Response**: For this response, my answer is identical to 4UCELL, LLC's Amended Answer to interrogatory No. 2.

Plaintiffs argue that the answers are incomplete because Defendants should at least identify documents that are responsive to this question.  Doc. 57 at 7.  Defendants respond by simply repeating their answers that they have had too many online

transactions to have specific memories of and that they have already produced relevant documents to Plaintiffs.   Doc. 60 at 3.

Although a party may answer an interrogatory by identifying business records under Rule 33(d), the responding party must "specify the records that must be reviewed in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." *Reliance Ins. Co. v. Core Carriers, Inc.*, No. 3:06-cv-585-J-20MCR, 2008 WL 2414041, at *3 (M.D. Fla., June 11, 2008) (quotation marks omitted).   An answer such as "details were sent to [an agent]" is insufficient and deems not to comply with the requirements of Rule 33(d).   *Id.*   Here, Defendants' answers do not comply with the requirements of Rule 33(d) because they state the documents on eBay transactions have already been produced to Plaintiffs without providing identifiable details.   Doc. 57 at 7.   Plaintiffs' motion to compel a full and complete response to Interrogatory No. 2 is granted.   Defendants shall provide further details of relevant documents to help Plaintiffs readily identify them.

For Interrogatory No. 5,

> **Interrogatory No. 5**: Identify all of your bank accounts, savings accounts, money market accounts, certificates of deposit, investment accounts, annuities, policies of insurance, and/or other funds of money.
>
> **The Skellys' Amended Response**: Defendant objects to identifying personal financial information when there has been no legal basis to do so.

Plaintiffs believe the Skellys' objection is improper because it is a conclusory, boilerplate objection.   Doc. 57 at 7.   Plaintiffs also argue that they need all of the requested information in order to calculate Plaintiffs' damages and further develop facts of this case.   *Id.* at 8.   In opposition, the Skellys respond that their objection is

valid, and that Plaintiffs already have the information sought because Plaintiffs subpoenaed Bank of America to produce all of Defendants' banking statements. Doc. 60 at 3.

A defendant's financial information is relevant and discoverable when a plaintiff seeks punitive damages. *Soliday v. 7-Eleven, Inc.*, No. 2:09-cv-807-FtM-29SPC, 2010 WL 4537903, at *2 (M.D. Fla. Nov. 3, 2010). Because the nature of punitive awards is to punish rather than compensate a plaintiff, the amount of a punitive award must bear some relationship to the defendant's ability to pay. *Id.* However, the plaintiff is required to establish "a reasonable basis supporting punitive damages" before the Court allows financial net worth discovery. *Id.* at *2. The scope of discovery on financial worth is within the discretion of the Court. *Id.* at *3.

Here, upon review of Plaintiff's Complaint (Doc. 1), the Court finds that Plaintiffs have not established a reasonable basis for punitive damages. Plaintiffs seek exemplary damages on three counts — Federal Common Law Trademark Infringement and False Advertising in violation of the Lanham Act, Conversion, and Unfair Competition under the Florida Statutes § 501.204. Doc. 1. Punitive damages are not available in any of the three counts. An award based on a violation of the Lanham Act may not be punitive. 15 U.S.C. § 1117; *Babbit Electronics, Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1183 (11th Cir. 1994). Punitive damages are also not available for civil theft or conversion of property in Florida. *Rosenthal Toyota, Inc. v. Thorpe*, 824 F.2d 897, 905 (11th Cir. 1987); Fla. Stat. § 812.035(7) ("In no event shall punitive damages be awarded under this section.") Plaintiffs may recover

actual damages and attorney's fees under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). Fla. Stat. § 501.211. Because Plaintiffs have not established a reasonable basis supporting punitive damages, Plaintiffs cannot discover the Skellys' financial net worth. Plaintiffs' motion to compel a full and complete response to Interrogatory No. 5 is denied.

For Interrogatory No. 6,

**Interrogatory No. 6**: Describe in detail all activities engaged in by you (directly or through a third-party or relative at your house) that involve the purchase, modification, use transfer or sale of wireless communications service and products, including, but not limited to, Sprint Products.

**4 U Cell's Amended Response**: 4UCELL buys and sells various brand cellphones and accessories.

**Dennis Skelly's Amended Response**: When I was not selling real estate, I worked for 4UCELL, LLC in the purchase and sale of cellphones and cellphone accessories.

**Deborah Skelly's Amended Response**: I worked for 4UCELL, LLC in the purchase and sale of cellphones and cellphone accessories.

Plaintiffs argue that Defendants' answers are incomplete because the interrogatory asks for "a detailed description of their activities in connection with buying and selling phones." Doc. 57 at 8. Defendants explain that if Plaintiffs want details, they can ask more questions at upcoming depositions. Doc. 60 at 3. The Federal Rules of Civil Procedure "do not limit a party to any one method of discovery." *Calderon v. Reederei Claus-Peter Offen GmbH & Co.*, No. 07-61022-CIV, 2008 WL 4194810, at *3 (S.D. Fla. 2008). Plaintiffs' opportunity to engage in depositions does not excuse Defendants' duty to answer their interrogatory in good faith. *Id.*

Plaintiffs' motion to compel a full and complete response to Interrogatory No. 6 is granted.

For Interrogatory No. 9 for the Skellys and No. 11 for 4 U Cell,

**Interrogatory No. 9 for the Skelly Defendants and No. 11 for the 4 U Cell**:
If your response to any of Sprint's First Set of Requests for Admission is anything other than an unconditional admission, state the number of the Request, all facts upon which you based your response, identify each person who has knowledge of those facts, and identify all evidence that supports your response.

**4 U Cell's Amended Response**:
As to numbers 1, 2 and 3, 4UCELL believes that there is no basis in law or fact to support one iota of the allegations asserted. As to number 6, 4UCELL does not know the legal status of Sprint's trademarks or what may constitute a valid trademark. As to number 11, 4UCELL has no idea about the legal status of Sprint's terms and conditions. As to number 12, the request was denied as it was 4UCELL's belief that if someone purchased a Sprint cellphone, it would be used on Sprint's network. As to number 14, 4UCELL has never contacted Sprint customers to purchase upgrades. As to number 17, 4UCELL did business with iCellGuru, not Daniel Yusupov individually. Dennis Skelly; Deborah Skelly.

**Deborah Skelly's Amended Response**: For every Request denied, Defendant states that there is no factual or legal basis to support any of the allegations. Moreover, Defendant did not conduct any business in her individual capacity. See also 4UCELL, LLC's Amended Answers to interrogatory No. 9.

**Dennis Skelly's Amended Response**: For every Request denied, Defendant states that there is no factual or legal basis to support any of the allegations. Moreover, Defendant did not conduct any business concerning the purchase and sale of cellphones in his individual capacity. See also 4UCELL LLC's Amended Answers to interrogatory No 9.

Plaintiffs assert that Defendants' answers are incomplete because Defendants did not specifically identify all facts, persons, and evidence that support Defendants' responses to Plaintiffs' requests for admissions. Doc. 57 at 9. Defendants argue that they have answered to the best of their knowledge. Doc. 60 at 3. Upon review

of the question and responses, the Court finds that Defendants have fully answered Interrogatory No. 9 for the Skellys and No. 11 for 4 U Cell. *Id.* Plaintiffs present no evidence but an assertion that Defendants have not fully disclosed the information in their possession when Defendants clearly state that they do not have any factual basis for their answers. *Id.*

"[I]nterrogatories that generally require the responding party to state the basis of particular claims, defenses, or contention in pleading or other documents should be used sparingly." *Developmental Techns., LLC v. Valmont Indus., Inc.*, No. 8:14-cv-2796-T-35JSS, 2016 WL 1271566, at *1 (M.D. Fla. Mar. 31, 2016). Furthermore, interrogatories that seek "an exhaustive or oppressive catalogue of information" are generally inappropriate. *Id.* Here, Plaintiffs' interrogatory is what the standard discourages because it seeks to force Defendants to produce an exhaustive catalogue of information which is a basis of Defendants' claims. Doc. 57 at 9. Accordingly, Plaintiffs' motion to compel a full and complete response to this interrogatory is denied.

c. Plaintiffs' Motion to Compel Defendants to Produce Documents

A request for production must state "with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The party to whom the request is directed must respond within thirty days after being served, and "for each item or category, . . . must state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2). Furthermore, "[a]n objection must state whether any responsive materials are being withheld on the

basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). When a party fails to produce documents as requested under Rule 34, the party seeking the discovery may move to compel the discovery. Fed. R. Civ. P. 37(a)(3)(B)(iv).

Plaintiffs seek to compel Defendants to produce documents as follows:

### 1. Plaintiff's First Requests for Production

**Request No. 1**: All documents relating to Sprint.

**The Skellys' Response**: None. Any and all responsive documents to any request herein are maintained by the Corporate Defendant, 4UCELL, LLC. Defendant maintains no documents in his individual capacity.

Plaintiffs argue that the Skellys did not fully disclose the documents in their possession or control. Doc. 57 at 12. The Skellys counter that Plaintiffs received the documents from 4 U Cell because the majority of the documents are maintained and controlled by 4 U Cell. Doc. 60 at 4. The Court finds that the Skellys have fully answered the question because they cannot produce what they do not have in their possession or control. *Id.* The response unambiguously provides that "any and all responsive documents" are maintained and controlled by 4 U Cell. Doc. 57 at 12. Thus, Plaintiff's motion to compel on Request No. 1 is denied.

### 2. Plaintiff's Second Requests for Production

**Request No. 1 to all of Defendants**: All individual, state, and federal tax returns.

**Defendants' Response**: Objection. This inquiry seeks to invade the responding party's privacy by seeking confidential financial information. This request is also premature and based upon a mere 'expectancy,' in that financial information (such as tax returns) is generally sought only in post-judgment proceedings, upon the rendering of a money judgment. *Perez v. Pearl*, 411 So. 2d 972 (Fla. 3d DCA 1992). To require the responding party to disclose these documents would cause irreparable harm that cannot adequately be remedied

at a later stage. Further, Plaintiffs have already received all of Defendants' banking records pursuant to prior served Requests and non-party subpoenas. Finally, this request is not relevant to any party's claim or defense and is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposes discovery outweighs its likely benefit.

The tax documents pertain to Defendants' financial net worth which is discoverable only when Plaintiffs have established a reasonable basis for punitive damages. *Soliday*, 2010 WL 4537903, at *2. Because, as noted, Plaintiffs have not established such basis, the Court denies the motion to compel the production of Defendants' tax documents.

    d. Attorney Fees

Plaintiffs seek reasonable attorney fees and costs associated with bringing this motion to compel (Doc. 57). The rules mandate that if a motion to compel is granted the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.[2] Fed. R. Civ. P. 37(a)(5)(A). When a party makes a claim for fees, however, it is the party's burden to establish entitlement and document the appropriate hours and hourly rate. *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). Here, Plaintiffs have

---

[2] The Court must not order the payment if: (i) the movant filed a motion before attempting in good faith to obtain the disclosure or discovery without court intervention; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

provided no documentation as to the amount of time expended preparing the present motion or the hourly rate. Accordingly, Plaintiffs' request for attorney's fees is denied without prejudice.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiffs' Motion to Compel (Doc. 57) is **GRANTED in part and DENIED in part.**

2. Plaintiffs' Request to Amend Defendants' Denials to Plaintiffs' First Requests for Admission is **DENIED**.

3. Plaintiffs' Motion to Compel Defendants to Provide Full and Complete Responses to Plaintiffs' Interrogatories No. 1, 2, and 6 are **GRANTED**.

4. **On or before September 21**, Defendants shall provide full, complete, and comprehensive responses to **Plaintiffs' Interrogatories No. 1, 2, and 6**. If Defendants are unable to provide responses to these interrogatories, then they must explain in reasonable factual detail the efforts made to obtain the requested documents and information and why they are unable to provide them. **Failure to comply may result in sanctions**.

5. Plaintiffs' Motion to Compel Defendants to Provide Full and Complete Responses to Plaintiffs' Interrogatories No. 5, 9 for the Skellys, and 11 for 4 U Cell are **DENIED**.

6. Plaintiffs' Motion to Compel Defendants to Produce Documents is **DENIED**.

7. Plaintiffs' request for reasonable costs and attorney's fees is **DENIED without prejudice.**

8. The Joint Motion for Enlargement of Discovery Period and to Extend Case Management Deadlines is **GRANTED in part**. The Amended Case Management and Scheduling Order (Doc. 55) is extended by thirty (30) days. An amended Case Management and Scheduling Order will be entered under separate cover.

9. All other directives set forth in the Case Management and Scheduling Order (Doc. 39) remain unchanged.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of September, 2016.

*[signature]*

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record