UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SPRINT SOLUTIONS, INC. and
SPRINT COMMUNICATIONS
COMPANY L.P.,

    Plaintiffs,

v.

Case No: 2:15-cv-605-FtM-38CM

4 U CELL, LLC, DENNIS SKELLY
and DEBORAH A. SKELLY,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiffs' Objections and Request to Reconsider the September 14, 2016 Order Denying in part Plaintiff's Motion to Compel (Doc. 64) filed on September 28, 2016, construed as a Motion for Reconsideration. Defendants oppose the requested relief. Doc. 66.

### I. Background

On October 1, 2015, Plaintiffs filed this action against Defendants seeking damages and injunctive relief. Doc. 1. Defendants Deborah A. Skelly and Dennis Skelly (the "Skellys") are corporate officers and managers of a corporation, 4 U Cell, LLC, ("4 U Cell"). *Id.* ¶¶ 11-13. Plaintiffs allege that Defendants and their co-conspirators are profiting from the illegal acquisition and resale of new Sprint phones. *Id.* at 1. Plaintiffs allege that Defendants are stealing the substantial financial investment Plaintiffs make in their phones. *Id.* Plaintiffs contend that Defendants' misconduct has deprived Plaintiffs of the opportunity to recoup its

investment and earn profits by providing wireless service to legitimate Sprint customers. *Id.* at 13-14. Plaintiffs also allege that Defendants' actions seriously and irreparably interfere with Plaintiffs' relationships with its dealers, retailers and customers, and it also causes significant ongoing and irreparable losses and harm to Plaintiffs' brand, image and reputation. *Id.* at 14.

On August 11, 2016, Plaintiffs filed a Motion to Compel, seeking Defendants' full and complete responses to Plaintiffs' requests for admission, interrogatories, and requests for production. Doc. 57. On September 14, 2016, the Court granted in part and denied in part the motion to compel, ordering Defendants to provide full, complete, and comprehensive responses to Plaintiffs' Interrogatories Nos. 1, 2, and 6. Doc. 62 at 17. On September 28, 2016, Plaintiffs filed the present motion arguing that the Court's findings in the Order (Doc. 62) are contrary to law and clearly erroneous. Doc. 64 at 2.

II. Discussion

    a. *Reconsideration of the Court's Order (Doc. 62)*

"Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *Carter v. Premier Rest. Mgmt.*, No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). Courts have recognized three grounds to justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem,*

*Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously," *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995), and must "set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). It is the movant's burden to establish the "extraordinary circumstances" justifying reconsideration. *Mannings v. Sch. Bd. of Hillsborough Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

"Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302, at *1. A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has already determined. *Id.* The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (citing *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). According to the above standard, the Court will examine if Plaintiff's each argument for reconsideration presents a valid ground for reconsideration.

With respect to Plaintiffs' requests for admission, the Court denied Plaintiffs' requests to correct Defendants' denials on Plaintiffs' Requests for Admission Nos. 5,

7, 8, 15, 16, and 18-21[1] because (1) Plaintiffs did not present any evidence that shows the Skellys' business involvement with Sprint phones and (2) at this stage of the proceedings, the Court was not allowed to examine the substantive accuracy of Defendants' denials. Doc. 62 at 5-6. Plaintiffs argue that the Court "failed to properly consider" Plaintiffs' evidence that the answers of the Skellys are false. Doc. 64 at 4. Plaintiffs point to the exhibit (Doc. 1-6) that accompanied the Complaint (Doc. 1) as such evidence that Plaintiffs presented to the Court and the Court did not consider. *Id.* at 3-4. Furthermore, as Defendants argue, Plaintiffs reiterate their previous argument in the motion to compel (Doc. 57) that the Skellys' answers must match those of 4 U Cell because the Skellys are the only officers operating 4 U Cell. *Id.* at 5-6; *see* Doc. 57 at 11. In support, Plaintiffs show a series of the Skellys' Paypal transactions, Plaintiff's exhibit to the Complaint (Doc. 1-6), and a copy of allegedly Dennis Skelly's deposition.[2] Docs. 64-1, 64-3.

---

[1] Plaintiffs requested the Court to correct the Skellys' denials because their answers did not match those of 4 U Cell's. Doc. 62 at 4-5. For example,

**Request No. 5**: Admit that you have purchased and sold Sprint Products.

**4 U Cell's Response**: Admits.
**The Skellys' Amended Response**: Denied.

**Request No. 7**: Admit that you deal in new cell phones.

**4 U Cell's Response**: Admits.
**The Skellys' Amended Response**: Denied.

[2] Plaintiffs assert that a transcript of Dennis Skelly's deposition is attached to this motion as Exhibit C. Doc. 64 at 6. The first page of Exhibit C, however, shows that it is a transcript of Daniel Yusupov's deposition. Doc. 64-3 at 1.

Before asking the Court to amend the Skellys' answers, Plaintiffs would do well to carefully read the Order (Doc. 62). The Order enunciates that the Court cannot examine the substantive accuracy of Defendants' denials before the trial or before summary judgment has been granted to either party. Doc. 62 at 6; *Cabrera v. Gov't Emp. Ins. Co.*, No. 12-61390-CIV, 2014 WL 2999206, at *17 (S.D. Fla. July 3, 2014); *Alvarez v. U.S.*, No. 3:13-cv-174-J-32MCR, 2015 WL 4645950, at *3 (M.D. Fla. Aug. 5, 2015). "There is no provision in the Federal Rules of Civil Procedure for a party to litigate a denied request for admission before trial." *Foley v. Orange Cty*, No. 6:12-cv-269-Orl-37KRS, 2013 WL 2477231, at *2 (M.D. Fla. June 10, 2013). Plaintiffs do not show that this clear law has been overturned or changed at all. Doc. 64.

Furthermore, contrary to what Plaintiffs assert, Plaintiffs use this motion for reconsideration as an opportunity to reargue its motion to compel (Doc. 57). *See Carter*, 2006 WL 2620302, at *1. To "introduce previously unsubmitted evidence on a motion to reconsider," Plaintiffs, as a movant for reconsideration here, bear the burden to show that "the evidence was not available during the pendency of the motion [to compel.]" *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). Plaintiffs, however, not only repeat their argument that the Skellys must have participated in 4 U Cell's corporate conduct but also submit a flurry of the documentary evidence Plaintiff had not submitted with the motion to compel (Doc. 57) without showing such evidence was not available during the pendency of its motion to compel (Doc. 57). *See id.*; Doc. 57 at 11; Doc. 64 at 4-6. As a result, the

Court denies Plaintiffs' motion for reconsideration with respect to Plaintiffs' requests for admission.

Regarding Defendants' financial returns and tax returns, the Court denied Plaintiffs' requests for production of such documents because Plaintiffs did not establish a reasonable basis supporting punitive damages. Doc. 62 at 11. Plaintiffs argue that the Court's decision is erroneous because the Court did not consider all of Plaintiffs' claims and prayer for relief in the Complaint (Doc. 1). Doc. 64 at 6-7. Furthermore, Plaintiffs again repeat their argument that the Skellys must have participated in the corporate act in seeking the Skellys' financial information and tax returns. *Id.* at 7. The Court does not address the second argument because it is an expansion of the argument that already appeared in the motion to compel.[3] Doc. 57 at 8; see *Carter*, 2006 WL 2620302, at *1.

The court has warned that "[i]n most cases, financial discovery is not appropriate until after judgment." *Soliday v. 7-Eleven, Inc.*, No. 2:09-cv-807-FtM-29SPC, 2010 WL 4537903, at *2 (M.D. Fla. Nov. 3, 2010). One of the exceptions to this rule is when a plaintiff seeks punitive damages. *Id.*; Doc. 62 at 10-12. In the motion to compel (Doc. 57), Plaintiffs did not even allege that they are seeking punitive damages and instead, repeatedly asserted that Defendants' financial documents and tax returns are relevant to calculating Plaintiffs' *unspecified*

---

[3] In the motion to compel, Plaintiffs simply mentioned that financial net worth discovery is necessary to further develop facts such as the Skellys' expenditures for business related expenses and the quantity and identity of phones transactions along with calculating damages. Doc. 57 at 8. Plaintiffs did not state at all that they are seeking these facts not to calculate damages but to prove the Skellys' participation in the corporate conduct. *Id.*

damages. Doc. 57 at 7-8, 13-14. Nonetheless, to ensure justice was served, the Court considered three counts of the Complaint for which Plaintiffs expressly seek exemplary damages and yet found that law does not permit Plaintiffs to recover punitive damages on these counts. Doc. 62 at 10-12. Plaintiffs do not contest the above standard of law and the Court's analysis of their three counts in the Order. Doc. 64.

Plaintiffs, however, complain that the Court erred in not considering the remaining counts of the Complaint because their prayer for relief at the conclusion of the Complaint (Doc. 1) includes exemplary damages. Doc. 64 at 6-7. The Court again repeats the law stated in the Order (Doc. 57): the burden is on Plaintiffs to *show and persuade* the Court that they have a reasonable basis supporting punitive damages, not on the Court to examine their fifteen-count Complaint count by count simply because the Complaint is on file and Plaintiffs' prayer for relief happens to mention exemplary damages. Doc. 62 at 11; see *Soliday*, 2010 WL 4537903, at *2 (holding that the plaintiff must establish a reasonable basis for punitive damages in order to obtain the defendant's state and federal tax returns, financial statements, and balance sheets).

The above analysis of each of Plaintiffs' arguments shows that Plaintiffs have not presented "(1) an intervening change in the controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or prevent manifest injustice." *Sussman*, 153 F.R.D. at 694. As a result, the Court denies Plaintiffs' motion for reconsideration.

### b. *Plaintiffs' Request for Attorney's Fees and Costs*

The Court denied without prejudice Plaintiffs' previous request for attorney's fees and costs in the motion to compel (Doc. 57) because Plaintiffs did not establish entitlement and document the appropriate hours and hourly rate.  Doc. 62.  Here, Plaintiffs seek attorney's fees and costs of $16,527.15 for 46.3 hours at an hourly rate of $356.96.  Doc. 64 at 8; Doc. 64-4.  Plaintiffs allege that these fees are associated with the services including: bringing the motion to compel (Doc. 57) and the present motion, performing legal research, drafting the Rule 37 good faith letters, and conferring with Defendant's counsel over discovery requests.  Doc. 64 at 8.

As Defendants point out, Plaintiffs' motion to compel was granted in part and denied in part.  In such circumstance, pursuant to Rule 37(a)(5)(C), the court "may, after giving an opportunity to be heard, apportion the reasonable expenses" for a motion to compel.[4]  The Court finds that Defendant should bear the expenses associated with Plaintiffs' motion to compel as to Interrogatories Nos. 1, 2, ad 6.  Contrary to Defendants' argument that their responses to the interrogatories were substantially justified, Defendant did not answer "reasonably, in good faith, and according to the meaning the plain language of the interrogatory would naturally import."  Doc. 66 at 7; *Giroux v. Kangamiut Contractors ApS*, No. 3:10-cv-35-J-37JBT, 2011 WL 3702422, at *2 (M.D. Fla. Aug. 22, 2011).  Instead, Defendants' answers were deficient because Defendants did not fully answer or include enough

---

[4] Whether a motion to compel is granted or granted in part, a movant is entitled to no more than "reasonable expenses" associated with the motion to compel.  Fed. R. Civ. P. 37(a)(5)(A), (C).

details, or employed vague and ambiguous terms to answer Interrogatories Nos. 1, 2, ad 6. Doc. 62 at 7-9, 12. Neither did Defendants' responses to the motion to compel (Doc. 57) provide adequate factual and legal explanations for their answers to the interrogatories. Doc. 60 at 2-3.

Given the scope of Plaintiffs' motion to compel (Doc. 57), the Order (Doc. 62), and the Court's holding herein, the Court awards Plaintiffs attorney's fees and costs of $1070.88 for three (3) hours at the hourly rate of $356.96 as the reasonable expenses associated with bringing Plaintiffs' motion to compel (Doc. 57) as to Interrogatories Nos. 1, 2, and 6.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiffs' Objections and Request to Reconsider the September 14, 2016 Order Denying in part Plaintiff's Motion to Compel (Doc. 64) is **DENIED**.

2. Plaintiffs' Request for Reasonable Attorney's Fees and Costs is **GRANTED in part**. The Court awards Plaintiffs attorney's fees and costs of $1070.88 for three (3) hours at the hourly rate of $356.96 as the reasonable expenses associated with bringing Plaintiffs' motion to compel as to Interrogatories Nos. 1, 2, and 6.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of October, 2016.

_____
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record